*531 *COMMISSIONERS OF LEAVENWORTH CO. v. HERMAN EPSEN.[1]

January Term, 1874.

1. Roads and Highways: Notice to Land-Owner. The notice to the land-owner required by section 4 of chapter 89 of the General Statutes, in relation to "Roads and Highways," has respect, not so much to the laying out of the road, as to the compensation of the owner of the property to be taken therefor. [Willis v. Sproule, 13 Kan. 265.]

2. ———. An omission of such notice does not invalidate the proceedings for laying out a road, if otherwise regular.

3. ———: Damages. A land-owner, receiving no notice, has a good claim against the county for damages for the land taken.

[1]Under section 4, c. 108, Laws 1874, [Dassler's Comp. Laws 1885, § 5359,] no pub lic highway can be established until the notice to the land-owner, with affidavits of service attached, are filed in the county clerk's office, State v. Farry, 23 Kan.

Error from Leavenworth district court.

Injunction, brought by Epsen, as plaintiff, to restrain the board of commissioners from opening a certain highway, known as the "Sullivan Road," laid out and established in Leavenworth county.　Upon the hearing of the application the district court, at the April term, 1873, granted a temporary injunction.

*L. M. Goddard,* Co. Atty., for plaintiff in error.

It is admitted in the statement of the facts in this case that Epsen did not receive the notice required by section 4 of the road act.　Does that entitle him to an order restraining the opening of the road through his land, all the other requirements of the statute having been complied with?　The road in question was, at the time this action was brought, in contemplation of law, a public highway.　Section 6, c. 89, Gen. St.; Anderson v. Hamilton Co., 12 Ohio St. 635.　The county board acquired jurisdiction of the matter by the preliminary steps required by sections 1 and 3 having been taken.　The notice required by section 4 to be given to the owner of the land over which the road is to pass has respect, not so much to the laying out of the road, as to the compensation of the owner of the property taken therefor, and the object of the notice is to facilitate the obtaining compensation by the owner.　Beebe v. Scheidt, 13 Ohio St. 415.

*532　*It is the duty of one of the petitioners to give that notice, not of the board, or of any person appointed by the board.　If the failure to give the notice is a defect, it would simply be one of form, which might be remedied by a new proceeding, and would not involve any question of permanent right.　Albany N. R. Co. v. Brownell, 24 N. Y. 348.　Epsen has lost no right by the failure to give such notice. Notice would simply have given him an opportunity to present his claim for damages to the viewers.　He still has his remedy by action at law to recover his damages, (Venard v. Cross, 8 Kan.* 248;) and, not having been deprived of any right, and having shown no extraordinary feature that calls for the interposition of equity, the court below erred in granting the injunction.

*Howsley & Singleton,* for defendant in error.

The question in this case is a jurisdictional one.　The county commissioners, acting under the provisions of chapter 89, Gen. St. 1868, attempted to establish a public road over the land of Epsen.　By section 4 of chapter 89 it is the duty of one of the petitioners for the establishment of a road to give at least six days' notice in writing to the owner or owners, or their agents, if residing in the county, through whose land such road is proposed to be laid out and estab-

731; abandonment of proceedings, Memphis K. & C. Ry. Co. v Parsons T. Co., 26 Kan. 508.　The notice required to be given by the county clerk under section 3, c. 89, Dassler's Comp. Laws 1885, is so far jurisdictional that, if not given as prescribed by the statute, the board of county commissioners has no authority to vacate a road.　Troy v. Doniphan Co., 32 Kan. 507; S. C. 4 Pac. Rep. 1009.

lished, of the time and place of the meeting of the viewers. No notice whatever was given, and Epsen had no knowledge of the holding of any meeting of the viewers. No damages were awarded to him.

The proceedings of the county board were an attempt to take the land of a citizen for public use without compensation, and without giving him an opportunity to be heard in his own behalf. No court or tribunal, whatever may be its jurisdiction, is competent to divest the rights or take away the property of an individual in the absence of the service of a summons, or other equivalent notice, upon him. It is one of the first steps in order to obtain jurisdiction. More especially is this the case when the tribunal seeking to exercise such power is one of special and limited authority. And *that the county board is such a tribunal, see Lessee of Grignon v. Astor, 2 How. 319–341; Foss v. Isett, 4 Iowa, 77; Harrington v. People, 6 Barb. 607. Against such inferior courts, when they attempt acts beyond their legal authority, an injunction will lie. Belknap v. Belknap, 2 Johns. Ch. 463; Mohawk & H. R. R. Co. v. Artcher, 6 Paige, 83; People v. Law, 34 Barb. 506; Anderson v. Com. H. Co., 12 Ohio St. 644; Little v. Thompson, 24 Ind. 146; McClurkan v. Thompson, 69 Pa. St. 306; Owners of Grounds v. Mayor, 15 Wend. 374.

BREWER, J. A question of jurisdiction is raised for our determination. The board of commissioners of Leavenworth county, acting under the provisions of chapter 89, Gen. St. 1868, attempted to establish a public road over the land of the defendant in error, situate in said county. By section 4 of chapter 89, it is the duty of one of the petitioners for the establishment of a road to give at least six days' notice in writing to the owner or owners, or their agents, if residing in the county, through whose land such road is proposed to be laid out and established, of the time and place of the meeting of the viewers. On the trial of the cause it was shown that Epsen, defendant, in error, was a resident of the county of Leavenworth at the time he filed his petition in this action, and had been during all the time the proceedings were pending before the county board. It was also shown that no notice in writing, or notice of any kind, had ever been given to him of such meeting of the viewers. No damages were awarded to him.

Was the failure to give this notice fatal to the validity of the proceedings, so that the defendant in error was entitled to an injunction restraining the opening of the road? The statutes of Ohio in reference to the opening of roads are, so far as this matter of notice is concerned, or indeed any other matter that can affect this question, similar to our own; and under those statutes this exact question was presented to the supreme court of Ohio, and by that tribunal it was decided that the omission of this notice was not fatal. Beebe v. Scheidt, 13 Ohio St. 406. True, in that case the action was tres-

pass against the road supervisor for opening the road, and this is an injunction to restrain the opening; but this difference can-*534 *not affect the question. The record was held to be sufficient evidence of a legal road, and the notice not a jurisdictional matter. While this decision is not binding as authority, yet it is entitled to great weight as the judgment of so eminent a tribunal upon the precise question. The ground of this decision is that this notice "has respect, not so much to the laying out of the road, as to the compensation of the owner of the property to be taken therefor." We had occasion to examine this road law in the case of Venard v. Cross, 8 Kan. *248, and in that, speaking of the order provided for in section 3 of this act for the appointment of viewers and directing the survey, we said: "Prior to making this order, the statute, in previous sections, provides for filing a petition, advertising notice thereof, and giving of bond. After the taking of these steps the county board acquire jurisdiction of the matter, and the right to proceed." And again: "If the land-owners have received no notice as required by section 4, unquestionably they have a good claim against the county for damages. Perhaps, also, they might, under some circumstances, contest the location and opening of the road." Those views we reaffirm now. There are no peculiar circumstances in this case calling for the interference of a court of equity. It stands upon the naked fact of a failure to give notice. That notice is not, we think, a jurisdictional one. The jurisdictional notice is given before the order appointing viewers. For a fuller discussion of the question we refer to the opinion of SUTLIFF, C. J., in the case cited from Ohio.

The judgment of the district court will be reversed, and the case remanded, with instructions to proceed in accordance with the views herein expressed.

(All the justices concurring.)